Timothy C. **STRINGER**, Petitioner,

v.

Robert **HANNIGAN**, Warden, and Carla J. Stovall, Attorney General, Respondents,

No. 99–3083–DES.

United States District Court, D. Kansas.

Feb. 7, 2000.

Timothy C. Stringer, Hutchinson, KS, pro se.

Jared S. Maag, Office of Attorney General, Topeka, KS, for Robert Hannigan, Carla Stovall, Atty. Gen., respondents.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on petitioner's Petition for a Writ of Habeas Corpus. The government has filed an Answer and Return and the petitioner has filed his Traverse. The court has reviewed the briefs in this case, as well as the state court record, and is now prepared to rule.

## I. FACTUAL BACKGROUND

On October 31, 1994, the petitioner pled guilty to twenty-four counts of burglary, six counts of criminal damage to property, fifteen counts of criminal deprivation, three counts of misdemeanor theft, and six counts of misdemeanor criminal damage to property. The burglary counts were all classified as severity level seven felonies. The criminal damage to property counts were severity level nine felonies. All of the misdemeanor charges were level A misdemeanors. At the plea hearing, the court instructed the petitioner that if he had as many as two prior person felonies on his record, he could serve "as much as 20 months in the state penitentiary" for the severity level seven felonies. The court also instructed the petitioner that if he had two prior person felonies, he may serve "as little as 11 months in the state penitentiary" on the severity level seven felonies. As for the level nine felonies, the court informed the petitioner that if he had at least two prior person felonies, he would be required to serve "a minimum of 13 months in the state penitentiary." The petitioner also agreed to a condition that some of the level seven counts would run consecutively.

At sentencing, the petitioner was sentenced to twenty-nine months on count two and twelve months on counts five and six, each of which were counts for burglary, the severity level seven felonies. The sentences in counts two, five and six were ordered to run consecutively. The petitioner was sentenced to twenty-nine months on each of the remaining burglary counts. The petitioner was sentenced to fourteen months for each of the criminal damage to property counts, which were severity level nine felonies. The petitioner was sentenced to six months for each of the class B misdemeanors and twelve months for each of the class A misdemeanors. The sentences for all of the severity level nine felonies and misdemeanors were ordered to run concurrently with the other counts. The petitioner's controlling sentence was determined to be fifty-three months in the custody of the Department of Corrections. The court granted a motion for departure and placed the petitioner on probation for these charges.

The petitioner subsequently filed a petitioner for Writ of Habeas Corpus in state court on the ground that the trial court had failed to properly inform him of the possible sentencing ranges for the crimes to which he was pleading guilty. The petitioner sought to have his guilty plea set aside. At the hearing on the state habeas corpus petition, the transcript from the plea hearing was not available, although it had been requested. Without the transcript, the state district court denied the motion on the ground that there was insufficient evidence to support the petitioner's claims. The court informed the defendant that he could file a motion to amend the judgment once the transcript was prepared. This was not done. The petitioner then appealed the state district court's ruling which was denied by the Kansas Court of Appeals. The Kansas Supreme Court denied review and this action followed.

## II. STANDARD OF REVIEW

A petitioner is entitled to federal habeas corpus relief on claims adjudicated on the merits in a state court proceeding only if he establishes that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or ... was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). These

standards, imposed by the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA"), increase the degree of deference afforded to state court decisions. *Houchin v. Zavaras,* 107 F.3d 1465, 1470 (10th Cir.1997).

## III. ANALYSIS

In its Answer and Return, the government claims that this claim should be barred because of a procedural default at the state court level. The government claims that the petitioner's motion was denied "on the independent ground that he failed to support his allegations by producing the record." The court agrees that this case should be barred due to a procedural default on the part of the petitioner.

The petitioner's state habeas corpus petition was denied at the state district court level for failure to provide any evidentiary support for the petition. The court did, however, agree to allow the petitioner an opportunity to file for reconsideration of the court's ruling once the transcript was prepared. Rather than avail himself of this clear state district court remedy, the petitioner chose to appeal the denial to the Kansas Court of Appeals. The appellate court denied the relief because the petitioner had failed to present any support for his claim at the district court level. The petitioner now seeks relief in this court from that state court ruling.

 A state prisoner must generally exhaust available state court remedies before filing a habeas corpus action in federal court. *Demarest v. Price,* 130 F.3d 922, 932 (10th Cir.1997). In this case, the petitioner was directly informed by the state district court judge of an available state court remedy for his claim—filing a motion to reconsider the judgment once the transcript was completed. The petitioner neglected to avail himself of this remedy and now asks this court to grant him relief that could have been obtained in the state court. The petitioner has failed to exhaust his state court remedies and is, therefore, not entitled to relief.

**IT IS THEREFORE BY THIS COURT ORDERED** that the petitioner's Petition for a Writ of Habeas Corpus is denied.